**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4918**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

WILBERT ROBERT SCHMIDT,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (7:09-cr-00167-D-1)

Submitted:  May 16, 2011          Decided:  June 6, 2011

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his indictment in December 2009, Wilbert Robert Schmidt pled guilty, pursuant to his written plea agreement, to two counts of production of child pornography, in violation of 18 U.S.C.A. § 2251(a), (d) (West Supp. 2010). Schmidt was sentenced to a total of 420 months' imprisonment, which resulted from the district court granting the Government's motion for an upward departure from his advisory Guidelines range of 168-210 months' imprisonment.[1] On appeal, Schmidt challenges both the reasonableness of the district court's decision to depart above his advisory Guidelines range and the reasonableness of the extent of the departure. For the reasons that follow, we affirm.

As we have explained, "[N]o matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008). In doing so, the court applies an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir. 2011). In assessing a sentencing

---

[1] The district court noted that in the alternative it would have imposed the same 420-month sentence as a variance sentence if it had incorrectly calculated the Guidelines range or incorrectly departed.

2

court's decision to depart from a defendant's Guidelines range, this court "consider[s] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). We will find a sentence to be unreasonable if the sentencing "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

Schmidt first argues that, because he is sixty-four years old and in ill-health, a sentence at the high end of the pre-departure Guidelines range would have been sufficient to incapacitate him for most if not all of the remainder of his natural life. Thus, Schmidt asserts the district court abused its discretion in departing upward from that range and that a 420-month sentence is greater than necessary.

We conclude the district court acted reasonably in departing under the three identified guideline provisions. The court utilized U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3, p.s. (1998), to increase Schmidt's criminal history category from I to IV. Pursuant to this provision, a district court may depart upward from an applicable Guidelines range if "reliable information indicates that the criminal history

category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." USSG § 4A1.3, p.s. To determine whether a departure sentence is appropriate in such circumstances, the court may consider, inter alia, prior similar conduct that did not result in a conviction. See USSG § 4A1.3(e), p.s. Plainly, Schmidt's undetected twenty-plus-year history of producing child pornography and molesting children qualifies as a basis for departure under this provision. The district court further concluded this conduct warranted, conservatively, eight criminal history points, resulting in a Category IV criminal history. We discern no abuse of discretion in that conclusion.

The district court next increased Schmidt's total offense level from thirty-five to thirty-nine, pursuant to USSG § 5K2.0, p.s. and USSG § 5K2.8, p.s. As the district court discussed at length, the 1998 edition of the Sentencing Guidelines did not adequately account for the volume of pornographic pictures amassed by Schmidt, Schmidt's use of alcohol to weaken his victims, or the unusually heinous and degrading conduct in which Schmidt forced his victims to engage. We conclude the district court reasonably applied these departure provisions to increase Schmidt's total offense level. See United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009)

4

(explaining that a departure pursuant to USSG § 5K2.0, p.s., must be based on a factor related to the offenses charged in the indictment), cert. denied, 130 S. Ct. 1923 (2010).

Schmidt next argues the court abused its discretion in finding such an extensive departure was warranted to deter him from future criminal activity and to protect the public because the unrefuted record evidence demonstrates that Schmidt voluntarily stopped producing child pornography in 1999. Thus, Schmidt contends the court's reliance on these two reasons constitutes an abuse of discretion. Schmidt also asserts that the significant departure is unreasonable, given that he extensively cooperated with the police.

While the extent of the departure in this case is significant, we conclude that the court's sentencing decision is reasonable in light of Schmidt's long history of recidivism, which reflects his manifest disrespect for the law, and the need to impose a sentence reflecting the seriousness of the underlying offense and to provide just punishment. See Evans, 526 F.3d at 158, 166 (approving a nearly four-fold increase from the Guidelines sentence). Further, the district court's careful consideration of the 18 U.S.C. § 3553(a) (2006) sentencing

factors,[2] as well as the court's meaningful articulation of its reasons for departing from the Guidelines range, support our decision to defer to the district court's determination as to the extent of the departure. <u>Diosdado-Star</u>, 630 F.3d at 366-67 (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because it was based on district court's thoughtful examination of the § 3553(a) factors as a whole).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2] Schmidt also contends that the district court failed to properly weigh the need to provide him with appropriate mental health treatment. <u>See</u> 18 U.S.C. § 3553(a)(2)(D). This contention is belied by the record, however, as the district court specifically ordered that, while incarcerated, Schmidt should receive any such treatment that was available.

6